UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                    :

MARIA SOLANGE FERRARINI,          :

                    Plaintiff,    :

                                    :              19 Civ. 0096 (LGS)

         -against-                :

                                    :         **OPINION AND ORDER**

IPEK IRGIT, et al.,                   :

                         Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Maria Solange Ferrarini brings this action against Defendants Ipek Irgit and

Kiini, LLC (collectively, the "Defendants"), alleging copyright infringement, 17 U.S.C. § 501; a

violation of California's Unfair Competition law, California Business and Professions Code §

17200, et seq.; conversion and/or civil theft under California and New York common law; and

intentional interference with prospective economic advantage.  Defendants move to dismiss the

Amended Complaint (the "Complaint") under Federal Rule of Civil Procedure 12(b)(6).  For the

following reasons, the motion is denied as to the copyright infringement claim, and granted as to

the state law claims.

## I.    BACKGROUND

The following facts relevant to Defendants' motion are taken from the Complaint and

supporting exhibits, and are accepted as true for purposes of this motion.  *See Hu v. City of New

York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may

consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated

by reference in the pleadings[,] and matters of which judicial notice may be taken.") (internal

quotation marks omitted).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:01/09/2020___

Plaintiff is an artisan living in Trancoso, Brazil. In 1998, Plaintiff created a design for hand knitted, colorful crochet bikinis and, since then, has sold these bikinis directly to the public. In 2012, Defendant Irgit purchased one of Plaintiff's bikinis. In 2013, Defendant Irgit founded Kiini, LLC and, in 2014, Defendants began manufacturing and selling bikinis using Plaintiff's design. In December 2014, Defendant Irgit registered Plaintiff's bikini design with the United States Copyright Office. The copyright listed Defendant Irgit as the author, and asserted January 30, 2013, as the date of first publication. Defendant Irgit subsequently assigned the copyright to Kiini, LLC. Defendants advertised and promoted the bikini through the Kiini, LLC website, and through numerous interviews in fashion and swimwear publications around the world. In these promotional interviews, Defendants falsely portrayed Defendant Irgit as the creator of the bikini design.

In 2015, Defendant Irgit sued Victoria's Secret for infringing Defendant Irgit's purported bikini design. During that lawsuit, Victoria's Secret subpoenaed individuals in Kiini, LLC's manufacturing and production chain, including Sally Wu. In 2012, Defendant Irgit had emailed Ms. Wu to inquire about potential production of Plaintiff's bikini design, and had attached images of Plaintiff's bikini to the email. The images revealed Plaintiff's actual signature and phone number on the waistline of the bikini bottom. In an attempt to obstruct Ms. Wu's cooperation with the subpoena, Defendant Irgit instructed Ms. Wu not to reveal the bikini was a duplication of Plaintiff's design, and offered to take Ms. Wu and three of her friends on a trip anywhere in the world if Kiini, LLC won its lawsuit against Victoria's Secret. Ms. Wu never received a copy of the subpoena, and Defendants secured a settlement with Victoria's Secret.

In early 2018, Defendant Irgit sued two smaller swimsuit manufacturers. The CEO of one of companies was able to locate Plaintiff in Trancoso, Brazil. Plaintiff subsequently sought

counsel and brought this lawsuit.  After Plaintiff secured a United States copyright registration, Plaintiff amended the complaint on April 17, 2019, to include a copyright infringement claim.

## II.     STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016).  On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor."  *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

## III.    DISCUSSION

### A.     The Copyright Claim is Not Barred by the Statute of Limitations

Defendants argue that the Complaint's copyright claim is time barred.  "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015); *accord Wei Su v. Sotheby's, Inc.*, No. 17 Civ. 4577, 2019 WL 4917609, at *2 (S.D.N.Y. Oct. 4, 2019).

The threshold question for this analysis is the type of claim brought -- ownership or infringement -- because the type of claim determines how the statute of limitations is applied. If the claim is one of ownership, the copyright claim must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b)); *see Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018). "[A]n infringement action may be commenced within three years of *any* infringing act, regardless of any prior acts of infringement; . . . the three-year limitations period . . . bar[s] only recovery for infringing acts occurring outside the three-year period." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011). Where "the ownership claim is time-barred, and ownership is the dispositive issue, any attendant infringement claims must fail." *Id.* at 230.

Here, Defendants are correct that Plaintiff brings an ownership claim. However, because it is not apparent on the face of the Complaint that the claim accrued more than three years before Plaintiff brought this action, the copyright infringement claim is not dismissed.

### 1.  The Complaint Asserts an Ownership Claim

The Complaint asserts an ownership claim because it "cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright." *Id.* at 226; *accord Narrative Ark Entm't LLC v. Archie Comic Publications, Inc.*, No. 16 Civ. 6109, 2019 WL 4142362, at *4 (S.D.N.Y. Aug. 29, 2019).

Here, the gravamen of the Complaint is ownership and not infringement. For example, the Complaint alleges that Defendant Irgit "plotted to claim the design as her own" (Dkt. No. 66 at ¶ 4); Defendant Irgit "founded a company to sell her stolen design" (Dkt. No. 66 at ¶ 5); "[i]n an attempt to conceal the true authorship of the bikini design . . . [Defendant] Irgit registered [Plaintiff's] design with the United States Copyright Office" (Dkt. No. 66 at ¶ 6); Defendant Irgit "falsely claim[ed]" she was the design author (Dkt. No. 66 at ¶ 7); and Defendant Irgit

4

"continues to falsely claim she made [the bikini] with her grandmother when she was 10 or 11."

(Dkt. No. 66 at ¶ 25). These types of allegations are consistent with a dispute over ownership.

*See Kwan*, 634 F.3d at 229 (observing that infringement -- rather than ownership -- claims

"involve the nature, extent or scope, of copying"); *Archie Comic Publications, Inc.*, 2019 WL

4142362, at \*5 (finding that similar factual allegations, "along with . . . competing claims of

ownership, place the parties' disputed ownership of the registered works at the heart of this

case").

Moreover, the Complaint alleges that both Plaintiff and Defendants have registered the

bikini design with the United States Copyright Office. As Defendants do not concede that

Plaintiff owns the copyright, any finding of infringement must be predicated on a finding of

ownership of the copyright in question. This is sufficient to find that Plaintiff's claim is one for

ownership, not infringement. *See Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16 Civ.

7014, 2018 WL 4680989, at \*5 (S.D.N.Y. Sept. 28, 2018) ("Since Defendants do not concede

that Plaintiff is owner of [the disputed] copyrights . . . the relevant statute of limitations inquiry

relates to the claim of ownership."); *Ortiz v. Guitian Bros. Music Inc.*, No. 07 Civ. 3897, 2008

WL 4449314, at \*3 (S.D.N.Y. Sept. 29, 2008) ("Where, as here, a plaintiff's copyright

ownership is not conceded (and, in fact, the defendant holds a prior copyright registration

certificate for the disputed work), copyright ownership, and not infringement, is the gravamen of

the plaintiff's claim to which the statute of limitations is applied.").

## 2. The Claim is Not Time Barred

The copyright claim is timely because nothing on the face of the Complaint shows that

the claim was brought more than "three years after the claim accrued." *See* 17 U.S.C. § 507(b).

"A copyright ownership claim accrues only once, when a reasonably diligent plaintiff would

have been put on inquiry as to the existence of a right." *Dynatone Publ'g Co.*, 892 F.3d at 118 (quotation marks omitted). "Although an alleged author is aware of his claim to ownership of the work from the moment of its creation, the author does not need to bring suit until there has been an express repudiation of that claim." *Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.,* 716 F.3d 302, 316 (2d Cir. 2013) (quotation marks and citation omitted). "This Court has identified at least three types of events that can put a potential plaintiff on notice and thereby trigger the accrual of an ownership claim: public repudiation; private repudiation in communications between the parties; and implicit repudiation by conspicuously exploiting the copyright without paying royalties." *Dynatone Publ'g Co.*, 892 F.3d at 118 (quotation marks omitted).

Plaintiff filed this action on June 13, 2018, and first included a copyright claim on April 17, 2019. Regardless of which is the relevant date under Federal Rule of Procedure 15(c)(1), the claim is timely because it accrued in 2018, when Plaintiff was informed of Defendants' infringement.

Defendants argue that the extensive press coverage of Defendants' marketing of the bikini in 2014 and 2015, in combination with Defendants' registration of the copyright, is sufficient to have put Plaintiff on notice that Defendants claimed the design as their own. However, a copyright's registration does not, in itself, cause a claim to accrue. "If mere registration of a copyright without more sufficed to trigger the accrual of an ownership claim, then rightful owners would be forced to maintain constant vigil over new registrations. Such a requirement would be vastly more burdensome than the obligations that 'a reasonably diligent plaintiff' would undertake." *Dynatone Publ'g Co.*, 892 F.3d at 119 (quoting *Kwan*, 634 F.3d at 228).

The Complaint alleges that Defendants promoted the purportedly infringing bikini

through "numerous interviews in fashion and swimwear publications around the world." Dkt.

No. 66 at ¶ 46. But nothing in the Complaint indicates that Plaintiff was aware of Defendants'

bikini sales prior to 2018, when the officer of a small swimsuit manufacturer located Plaintiff in

Brazil in the course of a lawsuit brought by Defendants. Where nothing in the Complaint

indicates that Plaintiff knew or should have known of Defendants marketing, sale and copyright

registration of the bikini, Plaintiff was not on inquiry notice of her claim. *See, e.g., Masi v.*

*Moguldom Media Grp. LLC*, No. 18 Civ. 2402, 2019 WL 3287819, at \*5 (S.D.N.Y. July 22,

2019) (finding that a photographer was not put on notice of infringement by general knowledge

that there was interest in his photographs); *PK Music Performance, Inc. v. Timberlake*, No. 16

Civ. 1215, 2018 WL 4759737, at \*8 (S.D.N.Y. Sept. 30, 2018) (holding that the popularity and

success of an allegedly infringing Justin Timberlake song did not lead to accrual of claim

because, "[s]imply because a person could have bought the Album or DVD, attended a concert

on the Tour, or watched the HBO Special does not mean that a reasonable person exercising due

diligence in [plaintiff's] position should have done any of those things").

Defendants also provide in support of their motion an exhibit from their complaint in the

copyright infringement action against Victoria's Secret, which compiles forty-nine pieces of

online press and print media coverage of the bikini, but these documents may not be considered

on a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)

("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a

necessary prerequisite to the court's consideration of [a document extraneous to the complaint]

on a dismissal motion; mere notice or possession [by Plaintiff] is not enough."); *Global Network*

*Commc'ns Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take

judicial notice of a document filed in another court . . . [only] to establish the fact of such litigation and related filings.").  In any event, neither the Complaint's allegations nor Defendants' exhibit are sufficient to find that the claim accrued in 2014 or 2015 due to that publicity.

Based on the allegations in the Complaint and drawing all inferences in Plaintiff's favor, the copyright claim did not accrue until 2018 when Plaintiff was informed of Defendants' infringement.

### B.     State Law Claims

The state law claims -- violation of California's Unfair Competition law, conversion, and intentional interference with prospective economic advantage -- are dismissed as preempted and because the Complaint fails to make allegations sufficient to state a claim.

### 1.  Standard

"The Copyright Act exclusively governs a claim when (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 48 (2d Cir. 2019); *see also* 17 U.S.C. § 301.  "A state law right is equivalent to one of the exclusive rights of copyright if it may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Universal Instruments Corp.*, 924 F.3d at 48.  "But if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, there is no preemption." *Id.* (quotation marks omitted).  "Preemption, therefore, turns on what the plaintiff seeks to protect,

the theories in which the matter is thought to be protected and the rights sought to be enforced."

*Id.* (internal quotation marks and alteration omitted).

### 2. The Complaint's Claim of Violation of California's Unfair Competition Law is Preempted by Federal Copyright Law

The Complaint alleges Defendants violated the California Business and Professional Code by "engaging in false and misleading marketing and omitting material facts," causing substantial injury to Plaintiff and consumers, Dkt. No. 66 at ¶ 67, and that "[Defendant] Irgit founded, grew, and continues to run [Defendant] Kiini, LLC on the singular, fraudulent business practice of misappropriating the Ferrarini Bikini and passing off knockoff bikinis as her own."[1] Dkt. No. 66 at ¶ 66. The claim seeks equitable relief in the form of an injunction barring Defendants from "any further acts of unfair competition, including enjoining all sales of the Irgit Knockoff and all other swimwear that derives from the Ferrarini bikini;" a "judgment mandating that [Defendants] publish statements of retraction and apology;" and a "restoration of all money . . . that Defendants acquired through their . . . misappropriat[ion of] Plaintiff's bikini . . . ." Dkt. No. 66 at ¶¶ 72-74. The claim is preempted.

California's unfair competition law's "scope is broad. . . . [I]t does not proscribe specific practices." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (C.A. 1999). Rather, it prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Id.*; *accord Diva Limousine, Ltd. v. Uber Techs., Inc.*,

---

[1] Within the count alleging a violation of California's unfair competition law, the Complaint includes a paragraph that simply lists a number of other statutes that have allegedly been violated: Cal. Civ. Code §1572 (actual fraud), §1573 (constructive fraud), §§1709-1711 (deceit), and §1770 (listing proscribed practices including passing off goods as those of another); 18 U.S.C. §1341 (frauds involving counterfeit goods) and §1343 (fraud by radio, wire or television); and the common law. The Complaint contains no facts in support of the alleged violation of the list of statutes and Plaintiff does not address them in her opposition. Since these statutes address circumstances involving contractually bound parties or counterfeit goods, the Complaint fails to plead a claim under these statutes and any claim brought under them is dismissed.

392 F. Supp. 3d 1074, 1089 (N.D. Cal. 2019). However, preemption "turns on what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Universal Instruments Corp.*, 924 F.3d at 48 (quotation marks and alteration omitted). Plaintiff's claim -- which seeks to protect her from Defendants' purported misappropriation and passing off of her bikini as their own -- is preempted by federal copyright law because (1) the work to which the claim is being applied is the bikini design, which is copyrighted by both Plaintiff and Defendants and is the work for which the Complaint alleges copyright infringement, and (2) the claim seeks to vindicate rights that are protected by copyright law, i.e., the rights "to reproduce a copyrighted work, to prepare derivative works, [and] to distribute copies of the work to the public . . . ." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012) (citing 17 U.S.C. § 106). Here, the state law claim of unfair competition relies entirely on the previous allegations supporting the copyright claims and is therefore preempted. *See Computer Assoc's Intern. Inc. v. Altai, Inc.*, 982 F. 2d 693, 717 (2d Cir. 1992) (concluding that unfair competition claims "grounded solely in the copying of a plaintiff's protected expression are preempted by section 301 [of the Copyright Act]."); *accord Jacino v. Illinois Tool Works Inc.*, 16 Civ. 1704, 2017 WL 4480752, at *6 (E.D.N.Y Oct. 6, 2017). The Complaint's allegations that Defendants made misrepresentations regarding the bikini do not provide the extra element necessary to avoid preemption. "[T]he right to copy creative works, with or without attribution, is the domain of copyright, not of trademark or unfair competition, and the failure to credit the true author of a copyrighted work is not a false designation of origin, but a violation of copyright." *Patterson v. Diggs*, No. 18 Civ. 03142, 2019 WL 3996493, at *6 (S.D.N.Y. Aug. 23, 2019) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003)).

Plaintiff argues that the Complaint alleges "reverse passing off," and therefore the claim

is not preempted, citing several Ninth Circuit cases. This is legally incorrect in the Second

Circuit. Reverse passing off occurs when the alleged infringer sells plaintiff's products as its

own. *See Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994) (defining

"reverse passing off" as a situation "in which 'A' sells 'B's' product under 'A's' name"). Here,

the Complaint alleges that Defendants are selling bikinis that they manufactured themselves,

using a design that they allegedly copied from Plaintiff. As this allegation is grounded in the

"copying of a plaintiff's protected *expression*," it is preempted. *See Altai, Inc.*, 982 F. 2d at 717

(emphasis added); *see also Shepard v. European Pressphoto Agency*, 291 F. Supp. 3d 465, 475

(S.D.N.Y. 2017) ("It is well-settled [in the Second Circuit] that a claim for reverse passing off

predicated on the theory that defendant's product replicates plaintiff's expressions contains no

extra element and is therefore preempted." ) (collecting cases); 1 Nimmer on Copyright § 1.15

(2019) (Observing that a claim that "*B* is selling *B*'s products and representing to the public that

they are *B*'s" when "*B*'s product replicates *A*'s . . . is in fact a disguised copyright infringement

claim and, hence, preempted."). The claim for violation of California's unfair competition law is

dismissed.

### 3. The Complaint's Claim of Conversion is Dismissed as Preempted and for Failure to State a Claim

The Complaint alleges a claim for conversion under both California and New York state

law, stating that "through the act of registering the copyright in Ms. Ferrarini's original design

for herself through a false claim of authorship, [Defendant] Irgit intentionally and substantially

interfered with [Plaintiff's] copyright, taking it as her own and misappropriating the funds

derived from the copyright and litigation based on its registration for her own personal use and

enjoyment." Dkt. No. 66 at ¶ 78. The claim is preempted, and in any event, the Complaint fails
to plead a claim for conversion.

The Complaint's conversion claim is preempted because it "'assert[s] rights equivalent to
those protected within the general scope' of the Copyright Act, *Urbont v. Sony Music Entm't*,
831 F.3d 80, 93 (2d Cir. 2016), namely, the alleged reproduction and distribution of copyrighted
material." *Betty, Inc. v. PepsiCo, Inc.*, 283 F. Supp. 3d 154, 165 (S.D.N.Y. 2017). Indeed, the
Complaint alleges that such conversion occurred "through the act of registering the copyright in
Ms. Ferrarini's original design for herself through a false claim of authorship." Dkt. 66 at ¶ 78.

Plaintiff's argument -- that conversion requires the extra element of wrongful exercise of
dominion over the personal property of another -- is unavailing where the personal property
allegedly converted is Plaintiff's intellectual property rights. "[I]f unauthorized publication is
the gravamen of plaintiff's claim, then it is clear that the right [he] seeks to protect is coextensive
with an exclusive right already safeguarded by the Copyright Act, and thus that state law claim is
preempted." *Franklin v. X Gear 101, LLC*, No. 17 Civ. 6452, 2018 WL 3528731, at *21
(S.D.N.Y. July 23, 2018), *report and recommendation adopted*, No. 17 Civ. 6452, 2018 WL
4103492 (S.D.N.Y. Aug. 28, 2018). Similarly unpersuasive is Plaintiff's argument that the
federal copyright laws (unlike a conversion claim) do not prevent Defendants' "weaponization"
of the "fraudulently obtained registration" through lawsuits; the right to authorize (or preclude)
the reproduction of a copyrighted work is protected by the Copyright Act. *See* 17 U.S.C. § 106
("[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of
the following: (1) to reproduce the copyrighted work . . . ."). Finally, Plaintiff's argument -- that
conversion has an "extra element" in that copyright laws do not prohibit Defendants' physical
misappropriation of the Ferrarini bikini -- fails where the Complaint does not allege that

Defendants misappropriated the physical bikini; rather, the Complaint alleges that Defendant

Irgit purchased a physical bikini from Plaintiff, and then copied it. Plaintiff's conversion claim

is preempted.

Even if the claim were not preempted, the Complaint fails to state a claim. First,

intellectual property cannot form the basis of an action for conversion. *See 3 Stars Mentoring v.*

*Do Ki Kim*, No. 08 Civ. 2826, 2010 WL 11549377, at \*6 (C.D. Cal. Apr. 2, 2010) ("Intellectual .

. . property, however, cannot form the basis of a conversion claim [under California law], which

encompasses only interference with tangible property."); *Austin v. Gould*, 93 N.Y.S.3d 33, 34

(1st Dep't 2019) ("[T]he conversion of intangible property is not actionable."). Second, an

action for conversion must allege unauthorized dominion and control to the complete *exclusion*

of the rightful possessor under both California and New York law. *See Voris v. Lampert*, 7 Cal.

5th 1141, 1150 (C.A. 2019) (In California, the tort of conversion requires the "defendant's

disposition of property in a manner inconsistent with plaintiff's property rights. . . ."); *Medlock*

*Crossing Shopping Ctr. Duluth, Ga. Ltd. P'ship v. Kitchen & Bath Studio, Inc.*, 6 N.Y.S.3d 834,

837 (4th Dep't 2015) ("Conversion is the 'unauthorized assumption and exercise of the right of

ownership over goods belonging to another to the exclusion of the owner's rights.'") (quoting

*Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.,* 660 N.E.2d 1121, 1126 (N.Y.

1995)). Here, by alleging that "Plaintiff still hand knits her Ferrarini Bikini on the beaches of

Trancoso, selling them directly to an eager consuming public," Dkt. 66 at ¶ 2, the Complaint fails

to plead that Defendant's dominion over the disputed copyright is to the exclusion of Plaintiff.

The conversion claim is dismissed.

**4. The Complaint's Claim for Intentional Interference with Prospective Economic Advantage is Dismissed as Preempted and for Failure to State a Claim**

The Complaint alleges that "[a]n economic relationship existed between Ferrarini and third parties that purchased her bikinis and/or were actively interested in or actually pursuing, developing, marketing, licensing, exploiting, and utilizing Plaintiff's one-of-a-kind bikinis" and that, "[b]y engaging in the above-described unlawful, unfair, and fraudulent business practices, Defendants have intentionally and actually interfered with the ongoing and prospective economic relationship between Ferrarini and her customers, wholesalers, retailers, and licensees." Dkt. No. 66 at ¶ 84-87. This claim is also dismissed as preempted, and because it fails to plead a sufficient claim.

Claims for tortious interference based on unauthorized publication of a work protected by the Copyright Act are preempted. *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985) (affirming dismissal of tortious interference claim as preempted by the Copyright Act where "it is the act of unauthorized publication which causes the violation"); *accord Vargas v. Viacom Int'l, Inc.*, No. 18 Civ. 474, 2018 WL 6920769, at *9 (S.D.N.Y. Nov. 30, 2018) ("In the Second Circuit, it is well settled that claims for tortious interference based on the unauthorized publication of a work protected by the Copyright Act are preempted.") "[T]he fact that [the complaint] pleaded additional elements of awareness and intentional interference, not part of a copyright infringement claim, goes merely to the scope of the right; it does not establish qualitatively different conduct on the part of the infringing party, nor a fundamental nonequivalence between the state and federal rights implicated." *Harper & Row Publishers, Inc.*, 723 F.2d at 201; *accord Vargas*, 2018 WL 6920769, at *9. Here, the conduct alleged in support of this claim is the same conduct the Complaint alleges in support of the copyright infringement claim -- that Defendants

14

misappropriated Plaintiff's bikini and used the bikini to create knockoffs sold as Defendants' own creation, which "destroyed or fraudulently [took] over the market for Ferrarini Bikinis." Dkt. No. 66 at ¶ 88. "A state law right is equivalent to one of the exclusive rights of copyright if it may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Universal Instruments Corp.*, 924 F.3d at 48. Plaintiff's claim for interference with prospective economic advantage is therefore preempted.

The claim of tortious interference with prospective economic advantage is also insufficiently pled under both California and New York law. The law of both states requires that parties plead intentional interference with a pre-existing, non-speculative relationship with third parties. *See Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 515 (C.A. 2017) ("[A] cause of action for tortious interference has been found lacking when either the economic relationship with a third party is too attenuated or the probability of economic benefit too speculative."); *RSSM CPA LLP v. Bell*, 80 N.Y.S.3d 21, 23 (1st Dep't 2018) (affirming dismissal of claim of tortious interference with prospective economic relationships because "relationships with potential clients . . . of plaintiff are insufficient to show that plaintiff would have obtained those contracts but for defendant's tortious interference"). Here, the Complaint solely alleges that "[1] [a]n economic relationship existed between Ferrarini and third parties that purchased her bikinis and/or were actively interested in or actively pursuing, developing, marketing, licensing, exploiting and utilizing Plaintiff's one-of-a-kind bikinis[,] . . . [2] Defendants knew of and were aware of Plaintiff's third-party economic relationships . . . and [3] Defendants intentionally engaged in acts and conduct designed to interfere with . . . [the] relationships." Dkt. No. 66 at ¶¶ 84-86. These allegations are too general and conclusory to be credited because they do not identify the parties with whom Plaintiff had prospective, non-speculative economic

15

relationships or the manner of Defendants' intentional and direct interference with those parties.

*See Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) ("[W]e are not required to credit

conclusory allegations or legal conclusions couched as factual allegations.").  The tortious

interference claim is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED as to Plaintiff's

state law claims, and DENIED as to Plaintiff's claim of copyright infringement.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 69.

Dated: January 9, 2020
       New York, New York

_____
       **LORNA G. SCHOFIELD**
     **UNITED STATES DISTRICT JUDGE**