USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/24/2020

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA SOLANGE FERRARINI, an individual<br><br>Plaintiff,<br><br>vs.<br><br>IPEK IRGIT, an individual, and KIINI, LLC, a New York limited liability company,<br><br>Defendants. | Case No. 2:19-cv-0096-LGS |

## PLAINTIFF'S NOTICE OF MOTION AND
## MOTION TO RECONSIDER JANUARY 9, 2020 ORDER

Jack M. Rutherford, (Cal. Bar No. 268669)
 RUTHERFORD LAW
2811 ½ 2nd Avenue
Los Angeles, California 90018
Telephone:    (323) 641-0784
Email:    jmr@rfordlaw.com

*Counsel for Plaintiff Maria Solange Ferrarini*

Defendants shall file any opposition to Plaintiff's motion to reconsider by **February 7, 2020.**

The pre-motion conference, scheduled for February 6, 2020, is ADJOURNED to **February 20, 2020, at 10:40 a.m**.

Dated: January 24, 2020
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

Plaintiff submits this notice of motion and memorandum in support asking the Court to reconsider its holding in the January 9, 2020 order denying Defendants' Motion to Dismiss that the Complaint asserts an ownership claim because the gravamen of Plaintiff's complaint was ownership, not infringement and because it "cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright." ECF No. 111 at 3-5.

The Court's holding ignores well-settled copyright law regarding ownership claims and takes allegations intended to support Plaintiff's state law claims (allegations of theft and concealing authorship) as evidence that *Plaintiff* brings an ownership claim. *See id.* The Court's holding, however, allows Defendants' theft of Plaintiff's design to turn her clear infringement claim into one of ownership. But a co-ownership claim cannot be created by the Defendants' allegations alone, and Ms. Ferrarini is the sole author of her June 2018 copyright—a claim Defendants do not even contest.

## II. AN OWNERSHIP CLAIM EXISTS ONLY WHEN AUTHORS INTEND TO SHARE AUTHORSHIP

"The starting point for any claim of joint authorship is the definition of 'joint work' in the copyright statute." *SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 315 (S.D.N.Y. Sep. 28, 2000) (citing *Childress v. Taylor,* 945 F.2d 500, 505 (2d Cir.1991)). The statute defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. This "intent requirement applies to all works of joint authorship" and the intent of both authors at the time of creation is the touchstone for the analysis. *Childress*, 945 F.2d at 505-506 (citations omitted). "[A] work is joint if the authors collaborated with each other, or if *each* of the authors prepared his or her contribution with the knowledge and *intention* that it would be merged with the contributions of other authors as 'inseparable or interdependent parts of a unitary hole'". *Id.* (emphases in original).

"Joint authorship is an affirmative defense," *SHL Imaging*, 117 F.Supp.2d at 314, and a "co-authorship claimant bears the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors." *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998) (citation omitted). The insistence on copyrightable contributions by all putative joint authors serves to "prevent spurious claims by those who might otherwise try to share the fruits of the efforts of a sole author of a work…." *Childress*, 945 F.2d at 507.

Focusing the intent analysis on whether each putative co-author regarded herself as a joint author with the other "is especially important in circumstances … where one person is indisputably the dominant author of the work and the only issue is whether that person is the sole author or she and another [person] are joint authors." *Id.* at 508. Moreover, "it is only where the dominant author *intends to be sharing authorship* that joint authorship will result." *Id.* (emphases in original) (citation omitted).

"Examination of whether putative co-authors ever shared an intent to be co-authors serves the valuable purpose of appropriately confining the bounds of joint authorship by operation of copyright law, while leaving those not in a true joint authorship relationship with [the] author free to bargain for an arrangement." *Id.* at 509 (the Second Circuit requires "all joint authors to make copyrightable contributions, leaving those with non-copyrightable contributions to protect their rights through contract.") *id.* at 507. Indeed, Courts have explicitly reserved"[t]hat equal sharing of rights" enjoyed by true co-authors for relationships where "all participants fully intend to be joint authors." *Id.*

Not one party in this case has submitted any evidence or argument evidencing an intention to be joint authors. Indeed, both parties denied such an intention at their respective depositions. The Court's holding turns the idea of a joint work on its head, allowing an individual who has copied a work to legitimize their actions by analyzing the entirely inapplicable defense of joint authorship. Plaintiff does not and has not brought a claim of joint authorship. If Defendants wish to use their own copyright registration as a defense to the current allegations of infringement, they

are entitled to do so, but they should not be allowed to blanket their fraud in the legitimacy of a "joint authorship" claim when no such claim exists because there is no allegation in the complaint or evidence in the record that any party to this litigation intended either work to be one of joint, rather than sole, authorship. The Court's citation to *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16 Civ. 7014, 2018 WL 4680989, at *5 (S.D.N.Y. Sept. 28, 2018) in support of the proposition that Defendants' mere contestation of ownership is "sufficient to find that Plaintiff's claim is one for ownership, not infringement" may be true where Plaintiff was an acknowledged co-author of musical lyrics for years, but turns the doctrine of joint authorship on its head when applied to a *Defendant* accused of misappropriating the protected design for herself. Where a dominant author like Bob Marley refuses to concede co-ownership with a previous joint author like Mr. Cole, it makes sense to allow his allegation to define the Plaintiff's claim. But here Defendants are not dominant authors with a history of joint authorship with the Plaintiff. *See* Compl. ¶¶34-52. Here the Defendants misappropriated Plaintiff's work and simply beat her to registering it, that does not make them plausible joint authors nor should it allow them to push the possible statute of limitations period for Plaintiff to bring her *infringement* claims based on her 2018 copyright registration further back than the three years required by the statute.

The Court writes that "Defendants do not concede that Plaintiff owns the copyright." ECF No. 111 at 5. But this is not clear from Defendants pleadings as they do not contest Ferrarini's June 2018 registration, only that she brings her claims (for infringement) based on that registration too late. Defendant Irgit admitted at deposition she did not intend her registered work to be a joint work and Ms. Ferrarini has testified the same regarding her 2018 registration. Defendants have no factual ability to contest Ferrarini's ownership of her 2018 copyright registration. Their argument regarding joint authorship on a motion to dismiss is an affirmative defense they bear the burden of proving., it should not be allowed to turn Ms. Ferrarini's claim of infringement into one of ownership.

A claim of co-ownership is "distinct from [a] claim of infringement" and even when co-ownership remedies (e.g. accounting for profits) have been extinguished by the three-year

4

limitation, the substantive rights of the copyright owner remain, including the right to sue for infringement. *Carell v. Shubert*, 104 F.Supp.2d 236, 252 (legislative history of the Copyright Act showed "Congress intended the statute of limitations under the Copyright Act to extend only to remedies, and not to substantive rights."). "While dismissal of an ownership claim as time-barred bars certain remedies associated with ownership, it does not extinguish the right of a copyright owner to sue for infringement" for all infringing actions "that occur within three years of filing." *Id.* (citing *Zuill v. Shanahan*, 80 F.3d 1366 (9th Cir. 1996).

Further, while sole ownership and infringement claims are often brought together, a plaintiff is not required to bring an ownership claim if she holds a valid copyright registration: "the *right* to sue for infringement is not a remedy flowing from a declaration of sole ownership…. The only requirement to institute a suit for infringement is a valid copyright registration certificate." *Carell*, 104 F.Supp.2d at 253, n. 14 (noting further that "a declaration of sole ownership" does not guarantee success and "is often brought peripherally to an infringement claim because it provides an option for an expedited hearing.").

Finally, where plaintiff successfully articulates a cause of action for infringement that is separate and distinct from an ownership claim, "[t]he gravamen of plaintiff's copyright claims is infringement, not ownership" and the "defendants' claim to joint authorship ***cannot preclude plaintiff's assertions of [infringement].***" *Carell*, 104 F.Supp.2d at 256 (rejecting at page 254 defendants' attempts to portray gravamen of the complaint as ownership through citation to "inapplicable" cases in which the plaintiff could not state a claim for infringement) (emphases mine).

### III. KWAN AND ARCHIE COMICS INVOLVED ACKNOWLEDGE JOINT AUTHORS

The Court relies in part on *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) and *Narrative Ark Entm't LLC v. Archie Comic Publications, Inc.*, No. 16 Civ. 6109, 2019 WL 4142362, at *4 (S.D.N.Y. Aug. 29, 2019), to hold the Complaint asserts an ownership claim because "it cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright."

ECF No. 111 at 4. As noted above, a genuine dispute regarding authorship must first meet the copyright law's definition of joint authorship. 17 U.S.C. § 101 (defining "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."); *Childress,* 945 F.2d at 505-06 ("[A] work is joint if the authors collaborated with each other, or if *each* of the authors prepared his or her contribution with the knowledge and *intention* that it would be merged with the contributions of other authors as 'inseparable or interdependent parts of a unitary hole.'"); *SHL Imaging*, 117 F. Supp. 2d at 315.

*Kwan* and *Archie* both involved clear and acknowledge joint works. Kwan was previously recognized as a joint author by the dominant author, 634 F.3d at 228-229, and in *Archie*, the original creator of Sonic the Hedgehog created those works while employed by Archie Comics, who was later sued for infringement and had a valid ownership dispute with the creator's transferor, Narrative Ark Entertainment, 2019 WL 4142362 at *2-3.

## IV. CONCLUSION

Defendants do not challenge the validity of Plaintiff's copyright. Instead, they inexplicably attempt to bootstrap the inapplicable affirmative defense of co-authorship onto Plaintiff's pleadings and convert her infringement claims into one for ownership of a copyright registration she clearly and uncontestably owns. This is merely an attempt to push the statute of limitations back far enough to extinguish Plaintiff's claims and it should not be countenanced by the Court. The law of joint authorship should not be applied in this manner as it only justifies Defendants fraud.

Ms. Ferrarini and Defendants are not, never were, and never contemplated being co-authors. Ferrarini's infringement claims are for infringement alone and are limited to the three years prior to filing of her suit. Plaintiff respectfully requests the Court reconsider and reissue this portion of its opinion.

**DATE**: January 23, 2020

Respectfully submitted,

*/s/Jack M. Rutherford*
Jack M. Rutherford, 268669
RUTHERFORD LAW
2811 ½ 2nd Avenue
Los Angeles, California 90018
Telephone:    (323) 641-0784
Email: jmr@rfordlaw.com

***Counsel for Plaintiff Maria Solange Ferrarini***