## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARIA SOLANGE FERRARINI, an individual, | Civil No. 19-0096-LGS-GWG |
| Plaintiff, | |
| v. | |
| IPEK IRGIT, an individual, and KIINI, LLC, a New York limited liability company, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR RECONSIDERATION

Mark A. Berman, Esq. (MB4456)
Jeremy B. Stein, Esq. (JS8945)
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Floor
New York, NY 10022
(212) 344-4619
mberman@hdrbb.com
jstein@hdrbb.com

*Attorneys for Defendants*
*Ipek Irgit and Kiini, LLC*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES...................................................................................................... ii

BACKGROUND ...................................................................................................................2

ARGUMENT .......................................................................................................................2

    RECONSIDERATION IS NOT WARRANTED. ....................................................................2

CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Carell v. Shubert Org., Inc.,*
   104 F. Supp. 2d 236 (S.D.N.Y. Jun. 27, 2000) ....................................................................3, 4

*Childers v. N.Y. & Presbyterian Hosp.,*
   36 F. Supp. 3d 292 (S.D.N.Y. 2014)................................................................................................2

*Cole v. Blackwell Fuller Music Publ'g, LLC,*
   No. 16 Civ. 7014, 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ...........................................4, 5

*Kwan v. Schlein,*
   634 F.3d 224 (2d Cir. 2011) ................................................................................................1, 4, 5

*Lemon v. Jerrietta R. Hollinger & Ganz & Hollinger, P.C.,*
   2018 U.S. Dist. LEXIS 81182 (S.D.N.Y. May 14, 2018)...............................................................2

*SHL Imaging, Inc. v. Artisan House, Inc.,*
   117 F. Supp. 2d 301 (S.D.N.Y. Sep. 28, 2000)...............................................................................5

*Shrader v. CSX Transp., Inc.,*
   70 F.3d 255 (2d Cir. 1995)..............................................................................................................2

*Thomson v. Larson,*
   147 F.3d 195 (2d Cir. 1998)............................................................................................................5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
   956 F.2d 1245 (2d Cir. 1992)..........................................................................................................2

*Wechsler v. Hunt Health Sys., Ltd.,*
   No. 94 Civ. 8294, 2004 U.S. Dist. LEXIS 19757, 2004 WL 2210261 (S.D.N.Y. Sept. 30,
   2004) ..............................................................................................................................................2

## STATUTES

17 U.S.C. § 507 .....................................................................................................................................1

## BACKGROUND

Defendants Ipek Irgit and Kiini, LLC moved to dismiss Plaintiff Maria Solange Ferrarini's copyright cause of action on the grounds that Plaintiff's claim is time barred under the Copyright Act's three-year statute of limitations.  Under the statute, a claim for infringement can be brought within three years of any infringing act; a claim over disputed ownership, however, can only be brought within three years of when the claim accrued. 17 U.S.C. § 507(b).  A copyright ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry notice as to the existence of a competing claim of ownership, that is, a repudiation by the defendant of the plaintiff's ownership.  Defendants argued in their motion to dismiss, over Plaintiff's opposition, that Plaintiff's copyright claim is a claim for ownership of the copyright.

The Court agreed.  Op. at 4 ("Here, Defendants are correct that Plaintiff brings an ownership claim.").  The Court correctly reasoned that the "Complaint asserts an ownership claim because it 'cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright.'"  *Id.* at 4 (*quoting Kwan v. Schlein*, 634 F.3d 224, 226 (2d Cir. 2011)).  The Court based its ruling on the repeated allegations in the Complaint that Defendant had falsely claimed that she had designed the bikini herself, many years ago, and that she alone owned the design:

> Here, the gravamen of the Complaint is ownership and not infringement.
> For example, the Complaint alleges that Defendant Irgit "plotted to claim
> the design as her own" (Dkt. No. 66 at ¶ 4); Defendant Irgit "founded a
> company to sell her stolen design" (Dkt. No. 66 at ¶ 5); "[i]n an attempt to
> conceal the true authorship of the bikini design ... [Defendant] Irgit
> registered [Plaintiff's] design with the United States Copyright Office" (Dkt.
> No. 66 at ¶ 6); Defendant Irgit "falsely claim[ed]" she was the design author
> (Dkt. No. 66 at ¶ 7); and Defendant Irgit "continues to falsely claim she
> made [the bikini] with her grandmother when she was 10 or 11." (Dkt. No.
> 66 at ¶ 25).

Op. at 4–5.  Thus, the Court concluded that "Plaintiff's claim is one for ownership, not infringement." *Id.* at 5.

Plaintiff now moves for reconsideration of the Court's ruling that the Complaint alleges an ownership claim.  Plaintiff's motion should be denied because Plaintiff has failed to meet the standard for motions for reconsideration and, in any event, the Court's ruling was right—the Complaint quite clearly asserts an ownership claim.

## ARGUMENT

## RECONSIDERATION IS NOT WARRANTED

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Lemon v. Jerrietta R. Hollinger & Ganz & Hollinger, P.C.*, 2018 U.S. Dist. LEXIS 81182, *4 (S.D.N.Y. May 14, 2018).  As this Court has explained:

> The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

> "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 U.S. Dist. LEXIS 19757, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004) (internal quotation marks omitted). "The motion to reconsider cannot properly advance new facts, issues or arguments not previously presented to the court." *Id.* (internal quotation marks omitted).

*Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 316 (S.D.N.Y. 2014) (Schofield, J.).

*See also Lemon*, 2018 U.S. Dist. LEXIS 81182, at *4 ("A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on

the merits, or otherwise taking a second bite at the apple.'").  As discussed below, Plaintiff does not come close to meeting the criteria for reconsideration; rather, Plaintiff is just trying to take a second bite at the apple by asking the Court to make a different decision on the same issue based on the same arguments and the same case law previously briefed by the parties. *Compare, e.g.*, Opp. at 4–5 (*quoting Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 252 (S.D.N.Y. Jun. 27, 2000) *with* Dkt. No. 114 (the "Mot.") at 5 (quoting the same language from *Carell*).)  Therefore, Plaintiff's motion for reconsideration should be denied.

Specifically, Plaintiff asserts in her motion for reconsideration that Defendants have alleged an affirmative defense of "joint authorship" and that the defense fails because there is no evidence of an intent to be joint authors of the bikini design.  Plaintiff made this same argument in her opposition to Defendants' motion to dismiss, *see* Dkt. No. 77 at 3–4 (citing cases regarding co-authorship), and Defendants addressed that argument in their reply brief, *see* Dkt. No. 78 at 2–3. There, like here, Plaintiff cited no case law in support of her assertion that an ownership claim can *only* exist between alleged co-authors.  Indeed, after reviewing those same arguments, the Court correctly ruled that the Complaint alleged an ownership claim, not an infringement claim. Plaintiff's motion for reconsideration does not even address the applicable standard and does not argue that there has been an intervening change in controlling law, does not point to any new evidence, and fails to establish that Court's ruling was a clear error of law or manifest injustice. Therefore, Plaintiff fails to meet the standard for a motion for reconsideration.

In any event, Plaintiff's argument is both wrong and a complete non-sequitur.  Defendants have not alleged a "joint authorship" defense (indeed, no answer has been filed yet), and the Court did not find that any such defense had been alleged.  On the contrary, the Court found that Plaintiff's allegation in her Complaint is that Defendant Irgit falsely claims to have designed the bikini herself, on her own, having no connection whatsoever to Plaintiff and that Plaintiff, for her

part, claims the same thing.  Op. at 4–5 (collecting Complaint allegations relating to ownership).

That is, the Complaint alleges that both parties claim to be the sole creator of the design; neither

one claims to have designed it as a co-author with the other (or even to have known the other).

The Court then applied the controlling standard from the Second Circuit and concluded

that Plaintiff's claim was an ownership claim, not an infringement claim, "because it cannot be

decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright."

Op. at 4 (*quoting Kwan v. Schlein*, 634 F.3d 224, 226 (2d Cir. 2011).  The Court also noted that

"the Complaint alleges that both Plaintiff and Defendants have registered the bikini design with

the United States Copyright Office."  Op. at 5.  "Where ... a plaintiff's copyright ownership is not

conceded (and, in fact, the defendant holds a prior copyright registration certificate for the disputed

work), copyright ownership, and not infringement, is the gravamen of the plaintiff's claim to which

the statute of limitations is applied." *Kwan*, 634 F.3d. at 229; *see also Cole v. Blackwell Fuller*

*Music Publ'g, LLC*, No. 16 Civ. 7014, 2018 WL 4680989, at *5 (S.D.N.Y. Sept. 28, 2018) ("Since

Defendants do not concede that Plaintiff is owner of [the copyrights], the relevant statute of

limitations inquiry relates to the claim of ownership.").

There is no question that the Court correctly found, *based on Plaintiff's own allegations in*

*the Complaint*, that Plaintiff's claim is one for ownership which requires resolution of the parties'

competing claims of sole authorship.  Therefore, the statute of limitations began to run when a

reasonably diligent plaintiff would have been put on inquiry notice of the existence of a competing

claim of ownership.[1]

_____

[1] Plaintiff argues, citing *Carell v. Shubert*, that she is entitled to bring an infringement claim even if
her ownership claim is time barred.  Mot. at 4–5 (*citing Carell v. Shubert*, 104 F. Supp. 2d 236, 252
(S.D.N.Y. Jun. 27, 2000).  That is not correct.  In *Carell*, the Court held that the plaintiff could bring a
separate infringement claim because "[t]he gravamen of plaintiff's copyright claims [was]
infringement, not ownership; it [was] her principal cause of action and the Complaint focuse[d]
primarily on instances of infringement." *Carell*, 104 F. Supp. 2d at 245–46.  Here, the exact opposite
is true.  Plaintiff and Defendants each claim sole ownership of a valid copyright registration in a single

Indeed, it appears that Plaintiff's only argument for reconsideration is that some of the cases the Court cited for the relevant standards happened to be cases that involved alleged co-authors.  None of those cases hold or even suggest that ownership claims are limited to cases where two parties are alleged to be joint authors.  *See generally, SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301 (S.D.N.Y. Sep. 28, 2000); *Thomson v. Larson*, 147 F.3d 195, 198 (2d Cir. 1998); *Childress v. Taylor*, 945 F.2d 500 (2d. Cir. 1991); *Cole v. Blackwell*, 2018 WL 4680989.  Indeed, where a copyright dispute involves disagreement over who created the at-issue work in the first place, rather than the "nature, extent, or scope of any copying," the copyright claim sounds in ownership, not infringement.  *See Kwan*, 634 F.3d at 229.  The Court's application of the legal standards in this case law, to the allegations in this case, was correct.

---

bikini design, and the Court rightly concluded that the gravamen of Plaintiff's claim is ownership. Op. at 4.  Therefore, Plaintiff here cannot bring an infringement claim if her ownership claim is time barred.  Where "the ownership claim is time-barred, and ownership is the dispositive issue, any attendant infringement claims must fail." *Kwan*, 634 F.3d at 230.

## **<u>CONCLUSION</u>**

For these reasons, and those set forth in Defendants' moving papers in support of its motion to dismiss, the Court should deny Plaintiff's motion for reconsideration.

Respectfully submitted,

_____
Mark A. Berman, Esq.
Jeremy B. Stein, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Fl.
New York, NY 10022
 (212) 344-4619
mberman@hdrbb.com
jstein@hdrbb.com

*Attorneys for Defendants*
*Ipek Irgit and Kiini, LLC*

Dated: February 7, 2020