UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/11/2020

------------------------------------------------------------X

MARIA SOLANGE FERRARINI, :

                                 Plaintiff, :       19 Civ. 00096 (LGS)

        -against- :

IPEK IRGIT, et al., :      <u>ORDER</u>

                                Defendants. :

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on January 9, 2020, an Opinion and Order (the "Opinion") was issued granting in part and denying in part Defendants' motion to dismiss (Dkt. No. 111). In relevant part, the Opinion held that Plaintiff's claim of copyright infringement in the Complaint was an ownership claim;

    WHEREAS, on January 23, 2020, Plaintiff filed a motion for reconsideration asking the Court to reconsider its holding that the Complaint asserts an ownership claim (Dkt. No. 114);

    WHEREAS, on February 7, 2020, Defendants filed a memorandum of law in opposition to Plaintiff's motion for reconsideration (Dkt. No. 118);

    WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case

under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice. Plaintiff argues that an ownership claim exists only when authors intend to share authorship. Plaintiff cites no legal authority in support of this assertion, nor did she when she made the same argument in her opposition to Defendants' motion to dismiss.

Plaintiff also argues that dismissal of an ownership claim as time-barred does not extinguish the right of a copyright owner to sue for infringement. But in support of this assertion, Plaintiff cites to *Carell v. Shubert*, 104 F. Supp. 2d 236, 252 (S.D.N.Y. Jun. 27, 2000), in which the Court found that "[t]he gravamen of plaintiff's copyright claims [was] infringement, not ownership." *Id*. at 245. This is distinguishable from this case, where the gravamen of Plaintiff's claims is ownership. And the Second Circuit has held that, where "the ownership claim is time-barred, and ownership is the dispositive issue, any attendant infringement claims must fail." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011); *accord Simmons v. Stanberry*, 810 F.3d 114, 116 (2d Cir. 2016) ("Where the plaintiff's claims were rooted in her contested assertion of an ownership interest in the copyright, and that claim of ownership interest was time-barred because of the plaintiff's delay in suing, the plaintiff could not resuscitate the

untimely claim by relying on claims against the defendants' continuing course of infringing publication after the plaintiff's ownership claim became time-barred.")

Finally, Plaintiff argues that it is not clear from Defendants' pleadings that they do not contest Plaintiff's copyright registration. But, as the Court observed in the Opinion, Plaintiff's Complaint includes repeated allegations that Defendants have claimed the design as their own and have registered the design with the United States Copyright Office. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Docket No. 114.

Dated: February 11, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**