UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
MARIA SOLANGE FERRARINI,                                   :
                                                           :
                                        Plaintiff,         :          19 Civ. 0096 (LGS)
                                                           :
                    -against-                              :          **OPINION AND ORDER**
                                                           :
IPEK IRGIT, et al.,                                        :
                                                           :
                                        Defendants.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Maria Solange Ferrarini filed this action against Defendants Ipek Irgit and Kiini,

LLC (collectively, the "Defendants").  Defendants now move for summary judgment on

Plaintiff's only remaining claim -- a claim of copyright infringement under 17 U.S.C. § 501.  For

the reasons stated below, the motion is granted.

## I.      PROCEDURAL BACKGROUND

      On June 13, 2018, Plaintiff filed the Complaint, alleging violations of state unfair

competition law, and on April 11, 2019,[1] Plaintiff filed the First Amended Complaint, adding a

claim of copyright infringement and additional state law claims.  Defendants moved to dismiss

Plaintiff's claims on the grounds that (1) Plaintiff's copyright claim is time barred and (2)

Plaintiff's state law claims are preempted by the Copyright Act.  Defendants' motion was

granted with respect to the state law claims but denied with respect to the copyright claim.

Without the benefit of full discovery and construing all facts in favor of Plaintiff, it was "not

---

[1] Plaintiff improperly filed the First Amended Complaint on April 11, 2019, and subsequently corrected her filing on April 17, 2019.  April 11, 2019, is treated as the date on which Plaintiff filed the First Amended Complaint because the eight-day difference between these two filings does not change the Court's analysis or the result.

apparent on the face of the Complaint that the [copyright] claim accrued more than three years before Plaintiff brought this action."  Now at the close of discovery, it is apparent that the claim is time barred.

## II.    FACTUAL BACKGROUND

Unless otherwise stated, the following facts are undisputed and drawn from the parties' submissions on the motion.

Plaintiff makes and sells hand-knitted, colorful crocheted bikinis with (1) exposed elastic bands along all edges; (2) which bands are woven through hand-stitched frames; (3) which hand-stitched frames attach the exposed elastic bands to fabric; (4) thereby holding the bikini parts together and enabling the bikini to cling to and support the body; (5) crocheted whip stitching to reinforce edges and secure the hand-stitched frame; (6) bright contrasting colors for the elastic, elastic frame and crocheted edging; and (7) no underwire for padding or additional support (the "Ferrarini Bikini").  This is an image of the Ferrarini Bikini:



Plaintiff has been making and selling the Ferrarini Bikini on the beaches of Trancoso, Brazil since 1994.

In 2013, Defendant Ipek Irgit founded Kiini, LLC, a New York limited liability company ("Kiini").  Since March or April of 2013, Kiini has sold swimwear.  Among the designs that Kiini sells is the "Kiini Bikini," depicted below:



The Kiini Bikini has been featured regularly in fashion media and has a significant presence on social media, including Facebook and Instagram.[2]  Between May 2014 and September 2015, the Kiini Bikini was featured in publications including *Vogue*, *Elle*, *Condé Nast Traveller*, *Glamour*, *Cosmopolitan* and *People Magazine*.  These publications were released in countries around the world, including Brazil -- where Plaintiff sells the Ferrarini Bikini.  For example, in June 2015, the Kiini Bikini was featured on the cover of *Boa Forma*, a publication released in Brazil.

Irgit holds a prior copyright registration for the disputed bikini design.  On or around December 18, 2014, Irgit submitted an application to register the Kiini Bikini for copyright protection.  In response to Irgit's application, the Copyright Office issued Copyright Registration No. VA 1-943-361 (the "Kiini Copyright"), which lists Irgit as the author and has an effective date of December 18, 2014.  On August 24, 2015, Irgit assigned the Kiini Copyright to Kiini.

---

[2] Plaintiff's Response to Defendants' Rule 56.1 Statement of Material Facts states that "[n]othing in the cited evidence supports the claim that Plaintiff saw this fashion media or other notice of infringing sales in 2014."  There is no dispute that the Kiini Bikini was widely publicized.

Plaintiff sought to register the Ferraini Bikini for copyright protection on June 23, 2018.  On January 18, 2019, the Copyright Office issued Copyright Registration No. VA 2-134-598 (the "Ferrarini Copyright"), which has an effective date of June 23, 2018.

During her deposition Plaintiff testified that she was aware of Kiini in approximately 2013 or 2014.  Specifically, she testified as follows:

> Q:      When were you aware that Kiini had copied the bikinis?
>
> A:      Approximately in 2013, 2014.  I don't remember very well . . .
>
> Q:      So between 2013/2014 when you first learned that Kiini was copying your bikini design until you hired [Plaintiff's Brazilian counsel] Mr. Fida in 2017, what, if anything did you do to protect your intellectual property rights in your bikini? [ . . .]
>
> A:       . . . I did not have the money to hire a lawyer, and all the attorneys wanted me to pay in advance.  Until Mr. Fida came into my life, I didn't have the means to do that.

While Plaintiff now asserts that she became aware of Kiini's sale of the Kiini Bikini in "mid-2016," during Plaintiff's deposition, Plaintiff's counsel did not ask questions to clarify her testimony.  In addition, Plaintiff did not submit an errata sheet correcting her testimony that she was "aware that Kiini had copied the bikinis" in 2013 or 2014.

In 2014 and 2015, Plaintiff sent messages on social media indicating she was aware of Defendants' sale of the Kiini Bikini and the parties' ownership dispute.  On September 28, 2014, Plaintiff sent the following message to the Kiini Facebook account:

> It is a perfect copy of my creation from 1987, which I sell on the beaches of Trancoso.[]  That is what I call a lack of creativity.  They should be ashamed of doing that to me, it's very disappointing to see someone take advantage of another person's work.  That's horrible, I don't like it!

In addition, on November 8, 2015, Plaintiff posted the following message on her Facebook page "Solange Crochet Ferrarini":

"Good afternoon guys!  They've noticed that I'm off the internet and the reason is the copies . . . . Lack of greater respect now the kiini saying creator of bikinis. My creation since 1998.  She says that this piece is Austrian and not Brazilian. Come here besides Brazilian is our Trancoso.  Trancoso is a witness to this achievement.  I have not forbidden anyone to copy and sell the horrible copies very badly made . . . . And you also think of the right to ban the sale in Brazil. I've been looking for my help.  That's why I'm here asking the women who have pictures of these old bikinis please send it to me.  I want to help these without clue but Brazilian also.  The only thing in my reach is to ask for help from voices. Dear Women of style.  My biquini is not fashion but style.

## III.  STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

In evaluating a motion for summary judgment, a court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences and resolv[e] all ambiguities in its favor."  *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164 (2d Cir. 2020) (internal quotation marks omitted).  "When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quotation

marks omitted).  "Only admissible evidence need be considered by the trial court in ruling on a

motion for summary judgment."  *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *accord*

*Starr Indem. & Liab. Co. v. Brightstar Corp.*, 388 F. Supp. 3d 304, 323 (S.D.N.Y. 2019), *aff'd*,

828 F. App'x 84 (2d Cir. 2020) (summary order).

## IV.    DISCUSSION

### A.    The Copyright Claim is Barred by the Statute of Limitations

Section 507(b) of the Copyright Act provides that a copyright claim must be

"commenced within three years after the claim accrued."  17 U.S.C. § 507(b); *accord Petrella v.*

*Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014).  The parties do not dispute that Plaintiff

first filed her copyright infringement claim when she filed the First Amended Complaint, on

April 11, 2019.  As a result, Plaintiff's copyright infringement claim is time barred if it accrued

on or before April 11, 2016.

In this case, when Plaintiff's claim accrued turns on the issue of copyright ownership

rather than infringement.  "In a copyright infringement case, the plaintiff must show: (i)

ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work."  *Sohm v.*

*Scholastic, Inc.*, 959 F.3d 39, 48 (2d Cir. 2020).  "[W]here . . . plaintiff's copyright ownership is

not conceded (and, in fact, the defendant holds a prior copyright registration certificate for the

disputed work), copyright ownership, and not infringement, is the gravamen of the plaintiff's

claim to which the statute of limitations is applied."  *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir.

2011) (internal citations and quotation marks omitted); *accord Simmons v. Stanberry*, 810 F.3d

114, 116 (2d Cir. 2016) (per curiam); *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16 Civ.

7014, 2018 WL 4680989, at *5 (S.D.N.Y. Sept. 28, 2018).  This is because "[i]f 'the ownership

claim is time-barred, and ownership is the dispositive issue, any attendant infringement claim

will fail.'" *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 316-17 (2d Cir. 2013) (citing *Kwan*, 634 F.3d at 230); *accord Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc.,* No. 16 Civ. 6109, 2019 WL 4142362, at *4 (S.D.N.Y. Aug. 29, 2019).

The parties dispute which of them owns copyrights in the protectable elements, if any, of the bikini design. *Ferrarini v. Irgit*, No. 19 Civ. 96, 2020 WL 122987, at *2-3 (S.D.N.Y. Jan. 9, 2020) ("Defendants are correct that Plaintiff brings an ownership claim."); *Ferrarini v. Irgit*, No. 19 Civ. 96, Order, Dkt. No. 119 (Feb. 11, 2020) (denying Plaintiff's motion for reconsideration). The parties do not dispute that Defendant's Kiini Copyright was issued prior to, and has an earlier effective date than, Plaintiff's Ferrarini Copyright. But Plaintiff asserts that "Irgit is not an 'author' and has no rights in the Ferrarini Bikini Design, ownership or otherwise."

Because copyright ownership is contested, the relevant statute of limitations inquiry is when Plaintiff was put on notice of the ownership dispute. *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018) ("The claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right."); *see also Gary Friedrich Enters.*, 716 F.3d at 317 ("Although an alleged author is aware of his claim to ownership of the work from the moment of its creation, the author does not need to bring suit until there has been an express repudiation of that claim.") (internal citation omitted). There are "at least three types of events that can put a potential plaintiff on notice and thereby trigger the accrual of an ownership claim: public repudiation; private repudiation in communications between the parties; and implicit repudiation by conspicuously exploiting the copyright without paying royalties." *Wilson*, 892 F.3d at 118 (internal quotation marks omitted). To determine whether repudiation of ownership rights has occurred, the following factors are relevant: whether the parties engaged in express communications regarding ownership; whether the plaintiff was aware that he or she

should be receiving royalties but was not collecting them; whether the defendant publicly exploited the disputed work without giving credit to the plaintiff; the popularity of the disputed work; and whether the defendant registered a copyright in the disputed work.  *See, e.g.*, *Kwan*, 634 F.3d at 227, 229 (publication of the disputed book without crediting plaintiff was sufficient to put plaintiff on notice that her claim of authorship was repudiated); *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) (charging the co-owner of a hit song with notice of his ownership claim once he knew he was entitled to receive royalties that defendant was not paying); *Charles v. Seinfeld*, 410 F. Supp. 3d 656, 661 (S.D.N.Y. 2019), *aff'd*, 803 F. App'x 550, 551 (2d Cir. 2020) (express communications between the parties and Seinfeld's public performance of the disputed show without crediting plaintiff constituted a repudiation of plaintiff's authorship claim); *cf. Gary Friedrich Enters.*, 716 F.3d at 317-18 (declining to find repudiation where defendant "repeatedly and publicly recognized" plaintiff as the creator of the *Ghost Rider* comic book, did not register a copyright in the comic book before plaintiff filed the subject action, and used the comic book "sparingly and in non-obvious ways").  While relevant, a copyright registration alone is not enough to put a plaintiff on notice of an ownership dispute.  *See, e.g.*, *Wilson v. Dynatone Publ'g Co.*, 908 F.3d 843, 845 (2d Cir. 2018) ("[W]e have never held that mere registration, without more, is enough to put a reasonably diligent copyright owner on notice of an adverse claim.").  Similarly, while relevant, the popularity of a work, without more, is insufficient to put a plaintiff on notice of an ownership dispute.  *Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402, 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) (finding that a photographer was not put on notice of his copyright claim by general knowledge that there was interest in his photographs); *PK Music Performance, Inc. v. Timberlake*, No. 16 Civ. 1215, 2018

WL 4759737, at *8 (S.D.N.Y. Sept. 30, 2018) (declining to find that popularity and success of a Justin Timberlake song lead to accrual of an ownership claim).

There is no genuine dispute of material fact as to whether Plaintiff was on notice of the parties' ownership dispute prior to April 11, 2016.  During her deposition Plaintiff testified that she became aware that Kiini had copied the Ferrarini Bikini "[a]pproximately in 2013, 2014." On September 28, 2014, Plaintiff sent a message directly to the Kiini Facebook account, referring to Kiini's products as a "perfect copy of [her] creation from 1987," and expressing her disappointment "to see someone take advantage of another person's work."  On November 8, 2015, Plaintiff acknowledged the parties' dispute about ownership of the bikini design in a Facebook post in which she stated that, "now the kiini saying creator of bikinis."[3]  Plaintiff neither credibly challenges her own testimony and these Facebook posts, nor does she point to conflicting evidence in the record.  In addition, Defendants point to the Kiini Copyright and widespread media coverage of the Kiini Bikini, as evidence that Plaintiff was on notice of the parties' ownership dispute prior to April 11, 2016.  In light of the evidence, no reasonable juror could find that Plaintiff was first on notice of the parties' ownership dispute on or after April 11, 2016, and not before.  Plaintiff's copyright claim is time barred.

Plaintiff argues in her Memorandum of Law that her deposition testimony that she became aware of Kiini sales in 2013 or 2014 is misleading because Plaintiff was testifying as to the year in which *Kiini began selling* the Kiini Bikini -- not the year in which *Plaintiff became aware* of Kiini's sales of the Kiini Bikini.  She offers no explanation as to why she made no

---

[3] These statements are not excluded as hearsay because (1) they are not offered to show the truth of the matter asserted, but rather to show the speakers' state of mind, namely that Plaintiff was aware of the ownership dispute, *see* Fed. R. Evid. 801(c)(2); *United States v. Moseley*, 980 F.3d 9, 27 (2d Cir. 2020), and (2) they are an opposing party's statement and excluded from the definition of hearsay, *see* Fed. R. Evid. 801(d)(2)(A).

attempts to clarify or correct the allegedly incorrect deposition testimony.  Plaintiff further

asserts in her legal memorandum that she became aware of Kiini sales in mid-2016.  Plaintiff

does not cite any evidence to support these assertions, neither her own affidavit nor any

corroborating evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A) (requiring citations "to any particular

parts of materials in the record" to create a genuine dispute of material fact); *see also Wheeler v.

Kolek*, No. 16 Civ. 7441, 2020 WL 6726947, at *8 (S.D.N.Y. Nov. 16, 2020) ("[A] nonmoving

party's self-serving statement, without direct or circumstantial evidence to support the charge, is

insufficient to defeat a motion for summary judgment.") (collecting cases); *Hawkins v. N.Y. State

Office of Mental Health*, No. 17 Civ. 649, 2019 WL 4520801, at *12 (S.D.N.Y. Sept. 19, 2019)

("Plaintiff's own self-serving statements, in her affidavits, memoranda, and deposition," were

insufficient to survive summary judgment because the statements were "all self-serving

statements uncorroborated by any additional evidence"), *aff'd*, No. 19 Civ. 3364, 2021 WL

389653 (2d Cir. Feb. 4, 2021).  Further, where Plaintiff's assertion that she became aware of

Kiini Bikini sales by "mid-2016" directly contradicts her deposition testimony, no reasonable

juror could find her self-serving assertion credible.  *Hayes v. N.Y.C. Dep't of Corrections*, 84

F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an

affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts

the affiant's previous deposition testimony."); *accord Helfer v. JPMorgan Chase Bank, N.A.*,

No. 19 Civ. 0008, 2020 WL 6823240, at *7 (S.D.N.Y. Nov. 20, 2020).

     The record evidence -- including Plaintiff's Facebook posts, the Kiini copyright and

widespread media coverage of the Kiini Bikini -- shows that, no later than 2015, Plaintiff was

aware of both the sales of the Kiini Bikini and the parties' ownership dispute, and this evidence

is undisputed by any contrary evidence.  Consequently, Plaintiff's claim is time barred.  This

opinion does not reach the issue of whether the bikini design at issue is a useful article and therefore, not subject to copyright protection.

**V.      CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is granted.  The Clerk of Court is respectfully directed to close the case.

Dated:  February 17, 2021
           New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**